UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TRAFFIC SPORTS USA, INC.,

              Plaintiff,

   - against -

NY CANTAOKE INC. d/b/a Amor
Cantaoke & Bar, and JAY KIM a/k/a
Yang Key Kim, Individually and as (an)
officer(s), director(s), and/or
shareholder(s) of NY Cantaoke Inc.,

             Defendants.
------------------------------------------------------x

Civil Action No.

CV 06 3358

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 11 2006 ★
BROOKLYN OFFICE

ROSS, J.
J. ORENSTEIN, M.J.

## COMPLAINT

    Plaintiff, **TRAFFIC SPORTS USA, INC.**, by and through its attorney, Richard A. Klass, Esq., in complaining against Defendants, alleges as follows:

### Jurisdiction

    1.    This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C. §§605 and 553.

    2.    Jurisdiction in this Court is proper under 28 U.S.C. §1331. and 47 U.S.C. §§605 and 553.

    3.    Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

### Parties

    4.    The Plaintiff, **TRAFFIC SPORTS USA, INC.** is a corporation organized and existing under the laws of the State of Delaware with its principal office and place of business located in Deerfield Beach, Florida.

5.  Upon information and belief, and at all times mentioned herein, Defendant, **NY CANTAOKE INC.,** is a domestic corporation organized and existing under the laws of the State of New York, and transacting business as **"Amor Cantaoke & Bar"** from its principal place of business located within the State of **New York**, County of **Queens, 78-05 Roosevelt Avenue, Jackson Heights, New York**.

6.  Upon information and belief, and at all times mentioned herein, Defendant, **JAY KIM a/k/a Yang Key Kim,** was and is an individual residing within the State of **New York**, County of **Queens**, and an officer, director, and/or shareholder of Defendant **Ny Cantaoke Inc.**.

## Preliminary Background

7.  Plaintiff, **TRAFFIC SPORTS USA, INC.** entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the **July 8, 2005** Championship boxing match between **Argentina v. Brazil Soccer Telecast**, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York State (the "License Agreement").

8.  Plaintiff, **TRAFFIC SPORTS USA, INC.** entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout New York State.

9.  The closed-circuit broadcast of the Event was not intended for the use of the general public. In New York State, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by **TRAFFIC SPORTS USA, INC.**

10.  Pursuant to the License Agreement, **TRAFFIC SPORTS USA, INC.** marketed and distributed the closed-circuit rights granted to it. **TRAFFIC SPORTS USA, INC.** contracted with various establishments throughout New York State, and granted to such establishments the right to broadcast the Event in exchange for a fee.

11.  The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12. The transmission of the Event was available to Defendants to purchase for broadcast in **"Amor Cantaoke & Bar"** Had they done so, they would have been authorized to receive, transmit and publish the Event in **"Amor Cantaoke & Bar."** Defendants did not, however, contract with **TRAFFIC SPORTS USA, INC.** to obtain the rights to broadcast the Event.

13. The establishments which contracted with **TRAFFIC SPORTS USA, INC.** to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

14. On **July 8, 2005**, in violation of Plaintiff **TRAFFIC SPORTS USA, INC.'s** rights and federal and state law, Defendants willfully intercepted and/or received the interstate communication of the Event.

15. In the alternative, Defendants assisted in the receipt of the interstate communication of the Event.

16. Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within **"Amor Cantaoke & Bar"**.

17. Defendants misappropriated **TRAFFIC SPORTS USA, INC.'s** licensed exhibition of the Event and infringed upon Plaintiff **TRAFFIC SPORTS USA, INC.'s** exclusive rights while avoiding proper payment to Plaintiff.

18. Defendants' purpose and express intent in committing their unlawful actions was to secure a financial gain and commercial advantage.

19. Defendants enabled the patrons within **"Amor Cantaoke & Bar"** to view the Event to which neither Defendants nor the patrons were entitled.

20. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff **TRAFFIC SPORTS USA, INC.**

21. Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

22. Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to Plaintiff **TRAFFIC SPORTS USA, INC.**

## COUNT I

### VIOLATION OF 47 U.S.C. §605

23. Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 22 of the Complaint.

24. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

25. Defendants' wrongful actions in connection with the Event were in violation of the Statute.

26. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Statute.

27. By virtue of the License Agreement, **TRAFFIC SPORTS USA, INC.** maintained proprietary rights in the intercepted communication of the Event.

28. Therefore, Plaintiff **TRAFFIC SPORTS USA, INC.** is an aggrieved person and is entitled to recover damages from Defendants for their violations of the Statute and their interference with **TRAFFIC SPORTS USA, INC.'s** proprietary rights.

29. Because of its contractual rights and obligations with regard to distribution of the Event, **TRAFFIC SPORTS USA, INC.** had an important economic interest in protecting the integrity of the communication of the Event.

30. As a direct and proximate result of Defendants' acts, Plaintiff **TRAFFIC SPORTS USA, INC.** has lost the revenue which would have been derived from the delivery and exhibition of the Event to "**Amor Cantaoke & Bar**" and its patrons, causing substantial and irreparable harm, including, but not limited to: a loss of revenue and profits; damage to its goodwill and reputation; a loss of its substantial investment of financial resources; time and effort in the promotion of the Event; and loss of its right and ability to control and receive fees for the reception of the Event.

31. Further, Plaintiff **TRAFFIC SPORTS USA, INC.** has also suffered an unquantifiable loss of future business in those persons who will not patronize **TRAFFIC SPORTS USA, INC.'s** subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as "**Amor Cantaoke & Bar**".

32. Because of Defendants' wrongful actions, Plaintiff **TRAFFIC SPORTS USA, INC.** is entitled to collect from Defendants: (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II); (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to §605(e)(3)(C)(ii); and (c) full costs, including reasonable attorney's fees, pursuant to §605(e)(3)(B)(iii).

## COUNT II

## VIOLATION OF 47 U.S.C. §553

33. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 32 above as if the same were fully set forth herein.

34. Section 553(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

35. Upon information and belief, in violation of 47 U.S.C. §553, Defendants, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the Event.

36. Upon information and belief, Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations; or by such other means unknown to **TRAFFIC SPORTS USA, INC.** and known only to Defendants.

37. Defendants' violations of 47 U.S.C. §553 were committed willfully and for purposes of commercial advantage and private financial gain.

38. Plaintiff **TRAFFIC SPORTS USA, INC.** is a person aggrieved by Defendants' violations of 47 U.S.C. §553 and is authorized to institute this action against Defendants pursuant to §553.

39. Defendants' violations of 47 U.S.C. §553 have injured and will continue to injure Plaintiff **TRAFFIC SPORTS USA, INC.'s** ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that Plaintiff has been deprived of the benefit of subscribers to the Events and has suffered injury to its goodwill and reputation. As a further result of such violations, Defendants have gained and will continue to gain unjust profits and undeserved goodwill.

40. Unless restrained by this Court, Defendants will continue to receive, intercept, transmit and exhibit **TRAFFIC SPORTS USA, INC.'s** programming illegally and without authorization in violation of 47 U.S.C. §553.

41. Defendants intercepted, received and publicly exhibited **TRAFFIC SPORTS USA, INC.'s** telecast of the Event without authorization, on at least one occasion, and **TRAFFIC SPORTS USA, INC.** cannot practicably detect or determine each occasion on which Defendants have intercepted, received and publicly exhibited the Event or other **TRAFFIC SPORTS USA, INC.** programming.

42. All conditions precedent to **TRAFFIC SPORTS USA, INC.'s** right to bring this action have been performed or have otherwise occurred.

WHEREFORE, Plaintiff, **TRAFFIC SPORTS USA, INC.** prays this Court grant judgment against Defendants **NY CANTAOKE INC. d/b/a Amor Cantaoke & Bar,**

**and JAY KIM a/k/a Yang Key Kim**, jointly and severally, as follows:

a)   Declaring that Defendants' unauthorized interception, reception and public commercial exhibition of the Event, or their assistance in the performance of such unauthorized actions, was in violation of the Communications Act, 47 U.S.C. §§553 and 605, and that such violation was committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

b)   Granting a Judgment in favor of Plaintiff as against Defendants in the amount of Ten Thousand Dollars ($10,000.00) as and for statutory damages pursuant to §605(e)(3)(C)(i)(II);

c)   Granting a Judgment in favor of Plaintiff as against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) as and for statutory damages pursuant to §605(e)(3)(C)(ii);

d)   Granting Plaintiff the full costs and disbursements of this action, including reasonable attorney's fees pursuant to §605(e)(B)(iii);

e)   Granting a Judgment in favor of Plaintiff as against Defendants in the amount of Ten Thousand Dollars ($10,000.00) as and for statutory damages pursuant to §553(3)(A)(ii);

f)   Granting a Judgment in favor of Plaintiff as against Defendants in the amount of Fifty Thousand Dollars ($50,000.00) as and for statutory damages pursuant to §553(3)(B); and

g)   Granting such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
**July 5, 2006**

By:_____
Richard A. Klass, Esq. (RK-9477)
Attorney for Plaintiff
16 Court Street, 29th Floor
Brooklyn, NY  11241
718-643-6063